[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH DISCOVERY (#107)
The plaintiff, Morganti National, Inc. (Morganti) moved by motion dated June 11, 2001 and filed June 12, 2001 for an order compelling the defendant Greenwich Hospital Association (Hospital) to produce certain CT Page 8573 documents in response to its request for production dated February 16, 2000. Specifically, Morganti sought the production of certain documents withheld by the Hospital on the basis of an assertion of privilege. The court has reviewed the documents in camera.
In paragraph 10 of its motion, Morganti seeks the production of all documents listed on the Hospital's privilege log that were authored or received by certain employees of Turner Construction Company (Turner). Turner was retained by the Hospital to perform construction management services on the project which underlies this litigation. Communications to third parties who are agents or employees of an attorney or a client and who are necessary to the consultation will not destroy the confidential nature of the communications. See Olson v. AccessoryControls Equipment Corp., 254 Conn. 145, 157 (2000); State v. Gordon,197 Conn. 413, 424 (1985); State v. Cascone, 195 Conn. 183, 186-87
(1985). Having reviewed the documents requested in paragraph 10, the court finds that the communications were made in confidence for the purpose of seeking or giving legal advice.
In paragraph 11, the plaintiff seeks certain documents which, pursuant to the privilege log, were not authored by or copied to the Hospital attorneys. Document number 70 relates to a meeting in which the Hospital's legal counsel was present and number 88 is a fax from legal counsel.
In paragraph 12, Morganti seeks the production of documents which it asserts were not communications with counsel. Document number 2 was to the Hospital's general counsel. Document number 4 are notes from the Hospital's general counsel. Document number 5 is a memo from the Hospital's general counsel to its building committee. Document number 6 consists of notes of the Hospital's general counsel and document number 8 contains the Hospital general counsel notes regarding outstanding issues on the project. Document number 82 is ordered disclosed.
Andrew Schultz is an attorney who serves as the Hospital's general counsel. The documents in the privilege log authored and received by Schultz are "fairly characterized as predominantly legal." See Olson, supra, 254 Conn. 29.
In paragraph 13, Morganti seeks the disclosure of documents exchanged with the Hospital's testifying expert, D. Tortorello. The Hospital has indicated that pursuant to an order previously entered in this case, it will provide Morganti with documents that Mr. Tortorello relied upon in formulating his opinion at the end of July, 2001.
The court grants the motion to compel only with respect to documents CT Page 8574 identified in the privilege log as those numbered 82 and 89. In all other respects, the motion is DENIED.
 ________________________ ROBERT F. McWEENY, JUDGE